# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**CARLOS E. GUTIERREZ**                                                **PLAINTIFF**

        **v.**           Civil No. 05-5083

**CORPORAL WESLEY KERN, in
his Official Capacity Only**                                           **DEFENDANT**

## O R D E R

    Now on this 7th day of September, 2006, come on for consideration the **Report And Recommendation Of The Magistrate Judge** (document #40), and plaintiff's **Written Objection Pursuant To 28 U.S.C. §636(b)(1)** (document #41), and the Court, having carefully reviewed both documents, finds and orders as follows:

    1.   Plaintiff brought suit under **42 U.S.C. §1983**, alleging that defendant, an employee of the Washington County, Arkansas, Sheriff's Department, used excessive force against him during an altercation at the Washington County Detention Center. Plaintiff did not specify in what capacity defendant was sued.

    After an evidentiary hearing had been held in the matter, but before a Report And Recommendation could be issued, the defendant died. The Magistrate Judge then directed plaintiff to indicate whether he was bringing suit against defendant in his official capacity, his individual capacity, or both. The Magistrate Judge indicated that if the suit included a claim against defendant in his individual capacity, the Complaint would need to be amended to substitute the personal representative of defendant's estate as

the proper party defendant.

2. Plaintiff indicated that he was suing defendant in his official capacity, and the Magistrate Judge proceeded to analyze the evidence on that basis. In the Report And Recommendation now under consideration, the Magistrate Judge reported that there was no evidence of an official policy -- or a pattern of conduct establishing a custom -- regarding the use of excessive force on the part of Washington County, Arkansas. Lacking such evidence, she reported that there is no basis to hold defendant liable in his official capacity. The Magistrate Judge did not reach the question of whether the degree of force used in the incident was excessive, because it was not necessary to make that determination.

3. Plaintiff objects that when he elected to sue defendant in his official capacity only, he did not realize that he would have to prove that Washington County "authorized, acquiesced or ratified the incident." He asks leave to present his claim as to defendant in his individual capacity, and points out that he has no legal experience and is not represented by counsel.

4. The Court agrees that plaintiff should be allowed to pursue his claim against defendant in his individual capacity, given that even experienced lawyers sometimes stumble over the differences between individual capacity and official capacity claims. Cf. **Kentucky v. Graham, 473 U.S. 159, 165 (1985):**

> Proper application of this principle in damages actions against public official requires careful adherence to the distinction between personal- and official-capacity actions suits. Because this distinction apparently continues to confuse lawyers and confound lower courts, we attempt to define it more clearly through concrete examples of the practical and doctrinal differences between personal and official capacity actions.

The Court thus concludes that the plaintiff should be allowed both to amend his complaint to assert an individual capacity claim and to file a motion to substitute the personal representative of the estate of the defendant as the party defendant in this case; that plaintiff should be granted twenty (20) days from the date of this Order in which to file such amendment and motion; and that, thereafter, the Magistrate Judge should conduct such further proceedings as may be appropriate and issue a supplemental Report And Recommendation on the basis of those proceedings.

5. The Court further agrees with the analysis contained in the Report And Recommendation as it pertains to the official capacity claim, and finds that it should be adopted to the extent that it recommends dismissal of plaintiff's claims against defendant in his official capacity.

**IT IS THEREFORE ORDERED** that the **Report And Recommendation Of The Magistrate Judge** is **adopted**, to the extent that it recommends dismissal of plaintiff's claims against Wesley Kern in his official capacity as an employee of the Washington County Sheriff's Department, and that claim is hereby **dismissed.**

**IT IS FURTHER ORDERED** that plaintiff's **Objection** to the

Report And Recommendation is **sustained** to the extent that it seeks leave to amend the Complaint to assert an individual capacity claim and to the extent it seeks leave to file a motion to substitute the personal representative of the estate of the decedent as the defendant in this case.

**IT IS FURTHER ORDERED** plaintiff be, and he hereby is, granted twenty (20) days from the date of this Order in which to file such amendment to his complaint and in which to file such motion to substitute the personal representative of the estate of the decedent as the defendant in this case.

**IT IS FURTHER ORDERED** that this matter be, and it hereby is, **remanded** to the Magistrate Judge for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

                                          /s/ Jimm Larry Hendren
                                          **JIMM LARRY HENDREN**
                                          **UNITED STATES DISTRICT JUDGE**