IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CARLOS E. GUTIERREZ                                              PLAINTIFF

       v.              Civil No. 05-5083

JERAH KERN, in her capacity as
Personal Representative for the
Estate of Wesley Kern                                            DEFENDANT

## O R D E R

Now on this 14th day of December, 2006, come on for consideration the **Report And Recommendation Of The Magistrate Judge** (document #55), and plaintiff's **Objections** thereto (document #56), and the Court, having carefully reviewed both documents, finds and orders as follows:

1. Plaintiff brought suit under **42 U.S.C. §1983**, alleging that Wesley Kern, a now-deceased employee of the Washington County, Arkansas, Sheriff's Department, used excessive force against him during an altercation at the Washington County Detention Center.

Following an evidentiary hearing, the Magistrate Judge reported that Kern was the only officer present when over thirty inmates at the Washington County Detention Center began a vocal protest over Kern's instruction regarding food trays, which escalated into a physical confrontation between Kern and Gutierrez when Gutierrez refused to give Kern his name and pulled away from Kern when Kern reached for Gutierrez' identification bracelet. She reported that it was reasonable for Kern to use some degree of

force to bring the situation under control.  Since there were no marks on Gutierrez' body and Gutierrez made no complaint that his coughing was related to Kern's use of force, she recommended that Gutierrez' excessive force claim against Kern be dismissed.

2.   Gutierrez first objects that Kern could have handled the situation differently, i.e., by simply talking to him, or handcuffing him, or leaving the pod to go for assistance. Gutierrez admits he resisted Kern by pulling back when Kern reached for his identification bracelet, and that other inmates were throwing trays.  The Court declines the invitation to second-guess the conduct of a jail official in handling a situation where an detainee admittedly resisted the official's attempts to deal with an escalating situation.  *Cf.* **Bell v. Wolfish**, **441 U.S. 520, 547 (1979)**(prison administrators accorded deference in practices needed to preserve internal order, discipline, and security).  So long as the official's conduct does not violate the law, the fact that he might have handled the situation differently is of no legal significance, and this objection will be overruled.

3.   Gutierrez next objects that the two nurses who testified were not qualified to give opinions about the cause of neck pain. This objection will be overruled because, regardless of the qualifications of the nurses to offer opinion testimony, there was nothing other than Gutierrez' testimony at the evidentiary hearing to connect the conduct of Kern with Gutierrez' neck pain.

Gutierrez did not even tell the jail medical care providers about the altercation when he sought care for his cough.

4.  Gutierrez also objects that, even if his physical injuries as a result of the altercation are deemed *de minimis*, he has suffered mental anguish. This objection must be overruled for two reasons. First, Gutierrez did not offer any testimony about his alleged mental anguish at the evidentiary hearing, and thus there is nothing in the record to support it. In addition, a *de minimis* physical injury such as Gutierrez sustained will not support an award of damages for mental anguish under **42 U.S.C. §1997e(e)**. See, *e.g.*, **Mitchell v. Horn**, 318 F.3d 523, 536 (3d Cir. 2003), cited with approval in **Pratt v. Corrections Corporation of America**, 124 Fed.Appx. 465 (8th Cir. 2005).

5.  Finally, Gutierrez objects that he has never received responses to discovery from defendant, in spite of a court order directing such response. He does not show what the discovery consisted of, and defendant denies ever having received any such discovery. The Court has no basis, on this record, to conclude that defendant's failure to provide discovery in any way affects the outcome of this case, and this objection will be overruled.

**IT IS THEREFORE ORDERED** that the **Report And Recommendation Of The Magistrate Judge** is **adopted** *in toto*, and plaintiff's **Objections** thereto are **overruled**.

**IT IS FURTHER ORDERED** that, for the reasons stated in the

-3-

**Report And Recommendation Of The Magistrate Judge,** plaintiff's Complaint is **dismissed with prejudice.**

**IT IS SO ORDERED.**

                                            **/s/ Jimm Larry Hendren**
                                            **JIMM LARRY HENDREN**
                                            **UNITED STATES DISTRICT JUDGE**